UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAR 2 2 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| RAYCHELLE ALSTON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civ. Action No. 04-1833 (RJL) |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION
(March 22, 2006) [#10]

Plaintiffs, Raychelle Alston along with other minor children and their respective parents or guardians (collectively "plaintiffs"), brought this suit seeking attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.*, as the prevailing parties in an administrative action against defendants, the District of Columbia and Clifford Janey, CEO/Superintendent of D.C. Public Schools (collectively "defendants"). Defendants reimbursed plaintiffs for those fees in December 2004, and thus, seek to dismiss this lawsuit as moot. Plaintiffs oppose defendants' motion on the grounds that they have not yet been reimbursed for the attorneys' fees for bringing the instant suit. For the following reasons, the Court GRANTS defendants' motion to dismiss under Rule 12(b)(1) of the Federal Rules of Procedure.[1]

---

[1] Federal Rule of Civil Procedure 12(b)(1) imposes on the Court "an affirmative obligation to insure that it is acting within the scope of its jurisdictional authority." *Jones v. Ashcroft*, 321 F. Supp. 2d 1, 5 (D.D.C. 2004) (citing *Uberoi v. EEOC*, 180 F. Supp. 2d 42, 44 (D.D.C. 2001)). Under the mootness doctrine, federal courts are limited to deciding "actual, ongoing controversies." *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Fund for Animals*, 335 F. Supp. 2d at 22. "Even where the litigation poses a life controversy when filed, the doctrine requires a federal court to refrain from deciding it if 'events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future.'" *Clarke v. United States*, 915 F.2d 699, 701 (D.C. Cir.

## ANALYSIS

The plaintiffs in this case seek attorneys' fees as a "prevailing party" under 20 U.S.C. § 1451(i)(3)(B). Whether the plaintiffs are a prevailing party where the defendant has *voluntarily* paid after the commencement of a lawsuit, the very attorneys' fees this lawsuit was designed to acquire, however, depends on the application of the Supreme Court's decision in *Buckhannon Board & Care Home v. West Virginia Department of Health and Human Resources*, 532 U.S. 598 (2001). In *Buckhannon*, the Supreme Court rejected the so-called "catalyst theory" for acquiring attorneys' fees, *id.* at 605, which contends that a plaintiff can qualify for attorneys' fees if the lawsuit brought about a voluntary change in the defendant's conduct. *Id.* at 601. In *Buckhannon*, the plaintiff alleged that its lawsuit caused the state legislature to revoke the statutory clause at issue in the case, thus rendering moot the plaintiff's action. *Id.* at 601-02. The Supreme Court held that this type of nonjudicial and voluntary action does not warrant characterizing the plaintiff as a prevailing party under applicable fee-shifting provisions. *Id.* at 609-10. According to the Supreme Court, there must be a "judicially sanctioned change in the legal relationship of the parties" for the plaintiff to be awarded attorney's fees as a prevailing party. *Id.* at 604-05. Thus a mere "voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." *Id.* at 605 (emphasis in original).

Our Circuit Court, in *Alegria v. District of Columbia*, applied *Buckhannon* in an IDEA case to hold that in order for attorneys' fees to be awarded to a prevailing party, a

---

1990)(quoting *Transwestern Pipeline Co. v. FERC*, 897 F.2d 570, 575 (D.C. Cir. 1990)).

judicially enforceable order had to be entered in favor of that party. 391 F.3d 262, 263-66 (D.C. Cir. 2004). Thus, plaintiff's argument that defendants voluntary payment of the administrative fees *after* the commencement of this litigation puts them in a "prevailing party" status that entitles them additionally to the attorney's fees expended in bringing the instant lawsuit is a stretch, because it does not have the necessary "judicial imprimatur" required by *Buckhannon*. *See Buckhannon*, 532 U.S. at 605. As discussed above, attorneys' fees will not be awarded to a party claiming "prevailing" status without a corresponding alteration in the legal relationship of the parties. *Id.* Although plaintiffs were prevailing parties at the administrative level, they must have succeeded in this instant action by obtaining a final judgment or consent order in their favor, in order to gain prevailing party status and to be awarded attorneys' fees associated with the filing of this action. *See Blackman v. District of Columbia*, 328 F. Supp. 2d 36, 45 (D.D.C. 2004)(applying the *Buckhannon* definition of prevailing party to motions for attorneys' fees brought under 42 U.S.C. § 1988). Therefore, the Court finds that the plaintiffs do not qualify as a "prevailing parties" and, in the absence of any remaining legal issues, dismisses the case as moot.[2]

---

[2] Plaintiffs additionally contend that the recent ruling in *Kaseman v. District of Columbia*, 355 F. Supp. 2d 205 (D.D.C. 2005), *appeal docketed*, No. 05-7016 (D.C. Cir. Feb. 28, 2005), is controlling in the instant case. As the defense correctly asserts, *Kaseman* is distinguishable because although it did involve claims for IDEA administrative attorneys' fees, the attorneys' fees for the district court action were awarded because the plaintiffs had prevailed in that action. *See Kaseman*, 355 F. Supp. 2d at 206 (granting an award for attorneys' fees where the district court litigation was considered to be a "separate and distinct action form earlier proceedings . . ."). Thus, the decision in *Kaseman* is not applicable to this action.

Finally, defendants assert that plaintiffs should be admonished for disclosing portions of settlement discussions between the parties' counsel in violation of Rule 408 of the Federal Rules of Evidence and that portions of plaintiff's opposition to the motion to dismiss be stricken. (*See* Def.'s Reply 4.) While this Court recognizes the importance of Rule 408, and the confidential nature of settlement discussions, the Court will not impose Rule 11 sanctions on plaintiffs' counsel.

## **CONCLUSION**

For the foregoing reasons, the Court GRANTS [#10] defendants' motion to dismiss. An order consistent with this ruling accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge